An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-982
NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

STATE OF NORTH CAROLINA

v.                                    McDowell County
                                      No. 12 CRS 51028
DWAYNE L. ANTHONY


Appeal by defendant from judgment entered 27 March 2013 by Judge Gary Gavenus in McDowell County Superior Court.  Heard in the Court of Appeals 31 March 2014.

> *Roy Cooper, Attorney General, by Scott Stroud, Assistant Attorney General, for the State.*
>
> *Mary March Exum for defendant-appellant.*


DAVIS, Judge.


Dwayne L. Anthony ("Defendant") was convicted by a jury of malicious conduct by a prisoner.  On appeal, Defendant argues that he did not receive a fair trial because he was required to wear prison garb and shackles during his trial.  After careful review, we conclude that Defendant received a fair trial free from error.

**Factual Background**

On 1 June 2012, Defendant was a prisoner housed at the Marion Correctional Institution. Defendant went to the prison's "med window" to pick up his prescribed medication but was informed that the order for his blood pressure medication had expired. Thus, Defendant could not be given the medication at that time. In response, Defendant became irate and verbally abusive.

Defendant was handcuffed and escorted to segregation. Upon arrival at segregation, he continued to be verbally abusive and disruptive. Defendant was escorted to the prison showers for a strip search, per prison policy. Upon his arrival in the showers, Defendant turned around and spat on two of the correctional officers.

Defendant was arrested and charged with malicious conduct by a prisoner. Defendant was convicted of this charge and sentenced to a term of 33 to 49 months imprisonment. Defendant appeals to this Court.

## Analysis

Defendant argues that he was deprived of a fair trial because he was required to wear (1) a prison uniform; and (2) shackles during his trial.

### I. Prison Uniform

Pursuant to N.C. Gen. Stat. § 15-176, "[i]t shall be unlawful for any sheriff, jailer or other officer to *require* any person imprisoned in jail to appear in any court for trial dressed in the uniform or dress of a prisoner or convict . . . ." N.C. Gen. Stat. § 15-176 (2013) (emphasis added). This Court has consistently held that while N.C. Gen. Stat. § 15-176 prohibits *requiring* a defendant to appear in court dressed in prison garb, it is not unlawful for a defendant to so appear. *State v. Smith*, 155 N.C. App. 500, 507, 573 S.E.2d 618, 623 (2002), *disc. review denied*, 357 N.C. 255, 583 S.E.2d 287 (2003); *State v. Johnson*, 128 N.C. App. 361, 364, 496 S.E.2d 805, 807 (1998), *cert. denied*, 350 N.C. 842, 538 S.E.2d 581 (1999).

Here, Defendant never objected at trial to appearing in court in his prison uniform. As such, he has failed to preserve this issue for appellate review. *See State v. Gainey*, 355 N.C. 73, 97, 558 S.E.2d 463, 479 ("In order to preserve an issue for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent."), *cert. denied*, 537 U.S. 896, 154 L.Ed.2d 165 (2002); *State v. Tolley*, 290 N.C. 349, 372, 226 S.E.2d 353, 370 (1976)

("[T]he right not to be tried in any court while dressed in prison garb may be waived by failure to object at trial."). Moreover, our Court has recently explained that the issue of whether a trial court erred in requiring a defendant to wear prison garb is "not appropriate for plain error review because the alleged error [is] not instructional or evidentiary." *State v. Miles*, ___ N.C. App. ___, ___, 727 S.E.2d 375, 378 (2012) (citing *State v. Woodard*, 210 N.C. App. 725, 728, 709 S.E.2d 430, 433 (2011), *disc. review improvidently allowed per curiam*, 365 N.C. 464, 722 S.E.2d 508 (2012)). Because Defendant failed to properly preserve this issue, he has waived his right to appellate review.

## II. Shackles

Generally, shackling is to be avoided except where "reasonably necessary to maintain order, prevent the defendant's escape, or provide for the safety of persons." N.C. Gen. Stat. § 15A-1031 (2013); *see Tolley*, 290 N.C. at 366, 226 S.E.2d at 367. In *Tolley*, our Supreme Court explained that although a criminal defendant is "ordinarily constitutionally entitled to appear at his own trial free of shackles, [he] must, when shackling is suggested, object to the proposed restraint, and . . . failure to do so will ordinarily preclude the shackling as

an issue on appeal." *Id.* at 371-72, 226 S.E.2d at 370. At trial, Defendant never objected to appearing in shackles. Consequently, Defendant has waived his right to appellate review on this issue as well. *Id.*

### III. Failure to Establish Prejudice

Even if Defendant had properly preserved his argument for appellate review on either of these two issues, we are convinced that no prejudice to Defendant occurred. First, there was overwhelming evidence of Defendant's guilt in that two correctional officers testified that Defendant entered the prison shower, turned around, and spat on them. Second, the jury was already aware of Defendant's incarceration because it was an element of the offense for which he was being tried. Third, the trial court gave clear instructions to the jury to disregard Defendant's shackles and prison clothing. *See State v. Lee*, ___ N.C. App. ___, ___, 720 S.E.2d 884, 891 (trial court's error in requiring defendant to remain in shackles during his trial was "not fundamentally unfair" and was harmless where "the trial court clearly and emphatically instructed the jury not to consider defendant's restraints in any manner[.]"), *disc. review improvidently allowed per curiam*, 366 N.C. 329, 734 S.E.2d 571 (2012); *State v. Banks*, 210 N.C. App. 30, 41, 706

S.E.2d 807, 816 (2011) ("The jury is presumed to follow the instructions of the trial court."). Accordingly, we find no error.

## Conclusion

For the reasons stated above, we conclude that Defendant received a fair trial free from error.

NO ERROR.

Judges McGEE and ELMORE concur.

Report per Rule 30(e).